**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN M. BARNETT, | No.   14-35329 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01588-HZ |
| v. | |
| JOSHUA K. MARQUIS, District Attorney of Clatsop County, Oregon; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted October 6, 2016[**]
Portland, Oregon

Before:  THOMAS, Chief Judge, and CLIFTON and NGUYEN, Circuit Judges.

Steven M. Barnett appeals the district court's dismissal of his 42 U.S.C. §

1983 action alleging violations of his First and Fourteenth Amendment rights.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo both a district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's order granting a motion to dismiss pursuant to Rule 12(b)(6), *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012), and a district court's ruling on absolute immunity, *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005). We affirm. Because the parties are familiar with the facts and the procedural history, we will not recount them here.

I

The district court properly held that prosecutors Marquis and Brown are entitled to absolute immunity as to the decision to stop using Barnett as a witness. Prosecutors are absolutely immune from suit under § 1983 for prosecutorial conduct, which is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Determining whether conduct is prosecutorial is an "inexact science." *Lacey*, 693 F.3d at 912. Therefore, we take a "functional approach" to this question, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), considering the "nature of the function performed, not the identity of the actor who performed it," *Forrester v. White*, 484 U.S. 219, 229 (1988). Using this approach, the Supreme Court has held that prosecutorial conduct includes "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 431. As a result, actions taken outside the courtroom and preliminary to trial can be protected by absolute immunity.

*Buckley*, 509 U.S. at 272. Moreover, a prosecutor's conduct need not be related to a particular trial to be protected. *Lacey*, 693 F.3d at 912.

A prosecutor's decisions about witness credibility and the presentation of evidence are intimately associated with the judicial phase of prosecution and are therefore protected by absolute immunity. *Roe v. City of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997). For the purpose of determining absolute immunity, the accuracy of a prosecutor's witness credibility assessment is "immaterial," "even if that judgment is harsh, unfair or clouded by personal animus." *Id.* Furthermore, prosecutors can refuse to use a potential witness regardless of whether the testimony could be corroborated by other witnesses or physical evidence. *Botello*, 413 F.3d at 977.

The decision by the Clatsop County District Attorney's Office to cease using Barnett as a witness falls squarely within the type of prosecutorial conduct that is protected by absolute immunity. Whether that decision was made directly in response to Barnett's article criticizing Marquis is immaterial.

Barnett's argument that Marquis was improperly "vouching for a witness" when he stated that the Clatsop County District Attorney's Office "cannot vouch for [Barnett's] credibility" is not persuasive. The rule prohibiting prosecutors from vouching for a witness's veracity applies narrowly to a prosecutor's presentation

before a jury. *See United States v. Weatherspoon*, 410 F.3d 1142, 1147 (9th Cir. 2005) ("[A] jury 'may be inclined to give weight to the prosecutor's opinion in assessing the credibility of witnesses, instead of making the independent judgment of credibility to which the defendant is entitled.'" (quoting *United States v. McKoy*, 771 F.2d 1207, 1211 (9th Cir. 1985))); *United States v. Roberts*, 618 F.2d 530, 533–54 (9th Cir. 1980). It is thus inapplicable here.

## II

The district court properly concluded that Brown's decision not to work with Barnett on any ongoing investigations was prosecutorial conduct protected by absolute immunity. A prosecutor's decision not to prosecute is entitled to absolute immunity, even if that decision involves refusing to prosecute all cases in which a particular officer is involved. *Roe*, 109 F.3d at 583–84; *Botello*, 413 F.3d at 977. Absolute immunity applies to such a decision regardless of whether the prosecutors "fail[] to offer an explanation for their nonprosecution policy and their refusal to prosecute [an officer's] cases under any circumstances." *Botello*, 413 F.3d at 977.

Brown's decision not to work with Barnett on any ongoing investigations is similar to a decision not to prosecute a particular officer's cases, and it has essentially the same effect. Therefore, Brown's decision not to work with Barnett is prosecutorial conduct protected by absolute immunity.

4

Barnett argues that Marquis and Brown are not entitled to prosecutorial immunity because they "are making prosecutorial decisions conditional on [his] political silence" and in retaliation for his article. Thus, he argues, Marquis and Brown have improperly "intertwine[d] an otherwise illegal act that is plainly beyond [their] jurisdiction with a traditional prosecutorial function." The Second Circuit cases that Barnett cites in support of his argument are distinguishable from and inapplicable to this case. Both cases involved a prosecutor conditioning the decision to prosecute on some action by the individual to be prosecuted. Neither involved a prosecutor's refusal to work with a particular officer. *See Doe v. Phillips*, 81 F.3d 1204 (2d Cir. 1996) (denying prosecutor absolute immunity for conditioning her decision not to prosecute upon the plaintiff swearing to her innocence on a Bible in a church before a priest); *Schloss v. Bouse*, 876 F.2d 287 (2d Cir. 1989) (granting prosecutors absolute immunity for conditioning the decision not to prosecute upon the plaintiffs signing liability releases).

## III

The district court correctly held that Marquis and Brown are entitled to absolute immunity for communicating their decisions regarding Barnett to the Seaside Police Department. We held in *Botello* that a prosecutor's communication of a decision not to prosecute a particular police officer's cases is protected by

5

absolute immunity. *Botello*, 413 F.3d at 977. In light of *Botello*, Marquis and Brown are entitled to absolute immunity for communicating to the Seaside Police Department their decisions not to use Barnett as a witness or work with him on any ongoing investigations.

Barnett argues that Marquis's and Brown's communications are administrative employment decisions that deserve only qualified immunity. However, Barnett does not allege that Marquis and Brown attempted to dictate to the Seaside Police Department how to conduct future investigations. *See Botello*, 417 F.3d at 977. Therefore, Marquis's and Brown's communications are protected by absolute immunity.

**AFFIRMED**.